UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JACK SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-04020-SLD-RLH |
| | ) |
| CARMEN PACHECO and SERGIO JIMENEZ, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

The matter comes before the Court for ruling on Plaintiff Jack Sullivan's motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and for merit review of his Complaint, ECF No. 1.

The Court DISMISSES Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and under 28 U.S.C. § 1915(e)(2)(B)(i) as it is malicious. Plaintiff's one-page complaint merely states that "[b]oth Defendants delayed the proceedings." Compl. 1. This is not sufficient to state a claim to relief. While a complaint does not need "detailed factual allegations," it does need enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must provide "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Plaintiff's complaint provides no detail at all. It does not identify what proceedings he alleges were delayed, who the defendants are, what relationship he has to the proceedings, or how the proceedings were delayed. Moreover, Plaintiff has filed the same one-page complaint in over 40 districts around the country, s*ee, e.g.*, Compl., *Sullivan v. Pacheco*, 2:26-cv-00057-ECM-KFP (M.D. Ala. Jan.

26, 2026); Compl., *Sullivan v. Pacheco*, No. 2:26-cv-00109-EGL (N.D. Ala. Jan. 23, 2026); Compl., *Sullivan v. Pacheco*, No. 4:26-cv-00047-JCH (D. Ariz. Jan. 26, 2026); Compl., *Sullivan v. Pacheco*, No. 1:26-cv-00704-JLT-SKO (E.D. Cal. Jan. 26, 2026), despite having no apparent connection to any of these courts.  Plaintiff's mailing address is in Santa Barbara, California—though the envelope he mailed his complaint in is postmarked in New York, *see* Envelope, ECF No. 1-1—and the two Defendants he names appear to be state court judges in New York.  *See Judges of the Civil Court of the City of New York*, N.Y. State Unified Ct. Sys., https://ww2.nycourts.gov/courts/nyc/civil/profiles.shtml (last visited Feb. 5, 2026) (listing Carmen Pacheco and Sergio Jimenez as Judges in Brooklyn (Kings County)).  A "malicious" case is one that is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).  Because Plaintiff has filed over forty complaints with no factual allegations in courts around the country with no connection to the parties, the Court concludes that his suit is intended to harass rather than to legitimately seek relief.[1]

Plaintiff Jack Sullivan's action is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious.  The motion for leave to proceed IFP, ECF No. 2, is DENIED.  The Court requires use of the long form IFP application and, moreover, will not grant Plaintiff relief

---

[1] It appears this is part of a larger trend of malicious litigation instituted in the federal courts.  In early January 2026, this Court received a complaint filed by Lucas Williams against a group of New York state court judges, including Carmen Pacheco and Sergio Jimenez, that was similarly lacking factual allegations and any connection to the Central District of Illinois.  *See* Compl., *Williams v. Jimenez*, No. 4:26-cv-04003-SLD-RLH (C.D. Ill. Jan. 6, 2026).  The Court dismissed that complaint for failure to state a claim.  Jan. 9, 2026 Order, *Williams*, No. 4:26-cv-04003 (C.D. Ill. Jan. 9, 2026).  And a docket sheet and privacy noticed mailed to Williams were returned undeliverable.  *See* Mail Returned, *Williams*, No. 4:26-cv-04003 (C.D. Ill. Jan. 27, 2026).  Williams filed the same complaint in multiple districts throughout the country.  *See Williams v. Jimenez*, No. 2:26-cv-00075-DCJ-TPL, 2026 WL 233855, at *1 (W.D. La. Jan. 13, 2026) (report and recommendation) (noting some of the district courts where Lucas Williams filed the complaint).  There are other plaintiffs filing similar suits against New York state judges in a similar manner, raising suspicion that these cases are being filed by one person or one group of people using aliases.  *See* Order Dismissing Compl. Initial Screening 3–4, *Adams v. Jimenez*, No. 1:26-cv-00024-SWS (D. Wyo. Jan. 22, 2026).  These plaintiffs have provided invalid return addresses as evidenced by the fact that the envelopes their complaints are sent in are post-marked in New York despite listing mailing addresses elsewhere and court orders being returned undeliverable.  *See id.* at 2–4.

from the filing fee to pursue malicious litigation. The Clerk is directed to enter judgment and close the case.

Entered this 5th day of February, 2026.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE